IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | MDL Docket No 06-1791 VRW |
| NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | ORDER |

This document relates to:

Anderson, et al v Verizon Communications Inc, et al, No C 07-2029

Joll, et al v AT&T Corp, et al, No C 06-5485 VRW

Herron, et al v Verizon Global Networks, Inc, et al, No C 06-5343 VRW

Lebow, et al v BellSouth Corporation, et al, C 07-0464 VRW

_____/

     Plaintiffs in the first of the above-captioned actions, Anderson, et al v Verizon Communications, Inc, et al, No C 07-2029, have moved for leave to file a motion for reconsideration of the court's order dated June 3, 2009 (Doc #639) dismissing with leave to amend all cases in this multidistrict litigation (MDL) matter

that were subject to the government defendants' motion to dismiss (Doc #469).  Doc #648.  By the same motion, plaintiffs in the remaining three cases listed on the caption (represented by the same counsel as the <u>Anderson</u> plaintiffs) seek leave to file a motion for reconsideration of the court's dismissal, by the same June 3 order, of the Bellsouth Master Consolidated Complaint (Doc #126).  The movants assert that their motion is warranted because "there has been a manifest failure by the Court to consider material facts which were presented to the Court before the June 3 Order and which show that the above-captioned Complaints contain allegations outside the limited coverage of the [FISA Amendments Act of 2008, Pub L No 110-261, 122 Stat 2436 (FISAAA)]."  Doc #648 at 2.  Specifically, the movants cite allegations in the complaints at issue that actionable activities commenced in February of 2001.

     The movants have complied with Civil Local Rule (LR) 7-9(a), which requires seeking leave of court before moving for reconsideration and doing so before judgment is entered.  Civil LR 7-9(b) governs the form and content of a motion for leave, requiring that the moving party specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

\\

The movants rely on 7-9(b)(3) in seeking reconsideration. The court agrees with the movants that some or all of the complaints in the MDL contain allegations that either contain no specifics as to the time of the alleged conduct or include dates outside the temporal limitation of the retroactive immunity conferred by FISAAA, September 11, 2001 to January 17, 2007. 50 USC § 1885a(a)(4)(A)(i). But the court did not fail to consider this obvious aspect of the complaints. The court dismissed the complaints without prejudice, affording plaintiffs "an opportunity to amend their complaints if they are able * * * to allege causes of action not affected by the Attorney General's successful invocation of section 802's immunity." Doc #639 at 45.

The movants assert that it was error for the court to dismiss "that portion of the [McMurray] complaint that alleges violations prior to September 11, 2001" and that the court should have allowed those plaintiffs "to proceed with all their claims * * * for actions undertaken prior to September 11, 2001." Doc #648 at 3. The court disagrees.

Plaintiffs have been given leave to amend their complaints "to allege causes of action not affected by the Attorney General's successful invocation of section 802's immunity" and have elected not to do so within the time provided.

For the reasons stated, the motions for leave to file motions for reconsideration are DENIED. This order affects: <u>In Re National Security Agency Telecommunications Records Litigation</u> M 06-1791 Doc #648; <u>Anderson, et al v Verizon Communications Inc, et al</u>, No C 07-2029 Doc #20; <u>Joll, et al v AT&T Corp, et al</u>, No C 06-5485 Doc #28; <u>Herron, et al v Verizon Global Networks, Inc, et</u>

<u>al</u>, No C 06-5343 Doc #27; <u>Lebow, et al v BellSouth Corporation, et al</u>, C 07-0464 Doc #23.

    IT IS SO ORDERED.

                    **VAUGHN R WALKER**
                    **United States District Chief Judge**